IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEITH CECIL,                          §
                                      §
                    Plaintiff,        §
                                      § Civil Action No. 3:08-CV-1599-D
VS.                                   §
                                      §
TIME WARNER TELECOM HOLDINGS          §
INC., d/b/a TIME WARNER               §
TELECOM,                              §
                                      §
                    Defendant.        §

MEMORANDUM OPINION
AND ORDER

        In this removed action, defendant moved for summary judgment.
Plaintiff, who is represented by counsel who has neither sought nor
obtained leave to withdraw, did not respond to the motion.
Instead, after plaintiff obtained a continuance of the response
deadline, plaintiff filed a *pro se* motion to abate the case to
obtain new counsel.  The court construes plaintiff's *pro se* motion
as one seeking relief under Fed. R. Civ. P. 56(f) and denies it.
The court grants defendant's motion for summary judgment and
dismisses this lawsuit with prejudice by judgment filed today.

I

        Plaintiff Keith Cecil ("Cecil") was employed as an account
executive by defendant Time Warner Telecom Holdings Inc., d/b/a
Time Warner Telecom (now known as "tw telecom holdings inc.")
("Time Warner").  As an account executive, Cecil was compensated by
a combination of salary and commission.  Time Warner terminated
Cecil's employment in February 2007.  Cecil filed suit in county

court alleging that he was entitled to recover for breach of contract and quantum merit because Time Warner had refused to pay him salary and commissions owed at the time of his termination.  He also asserted claims for defamation and tortious interference with contract, alleging that Time Warner had orally communicated to his subsequent employer, Tel West Network Services Corporation ("Tel West"), that Cecil had falsified documents, which prompted Tel West to terminate his employment.

Cecil filed the county court suit over two years ago.  Time Warner removed the case to this court in September 2008.  Discovery closed on April 1, 2009, and Time Warner moved for summary judgment on May 1, 2009, alleging that Cecil could neither identify the commissions owed him under contract nor specify the authorized person at Time Warner who defamed him or intentionally and willfully interfered with his prospective employment relationship at Tel West.  Cecil's response to the motion was due on May 21, 2009.  But the parties agreed to an extension of the deadline, and the court by order continued the response deadline to June 8, 2009. Cecil failed to respond by June 8, 2009.  Instead, on June 12, 2009 he filed a *pro se* motion to abate the case to obtain new counsel, which the court construes as one seeking relief under Rule 56(f), which is the procedural mechanism by which a nonmovant must seek relief from his obligation to respond to a summary judgment motion. Cecil's counsel has neither sought nor obtained leave to withdraw.

II

The court considers first whether Cecil is entitled to a continuance under Rule 56(f).

A

Rule 56(f) provides:

> If a party opposing [a summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

The continuance authorized by Rule 56(f) is a safe harbor built into the rules so that summary judgment is not granted prematurely. *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987). To comply with the Rule, the party opposing summary judgment must file the specified non-evidentiary affidavit, explaining why he cannot oppose the summary judgment motion on the merits. *Id.* The party may not rely on vague assertions that additional discovery will produce needed, but unspecified, facts. *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). He must demonstrate why he needs additional discovery and how the additional discovery will create a genuine issue of material fact. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993).

Rule 56(f) permits a court to grant a continuance when the nonmovant has not had the opportunity to conduct discovery that is

- 3 -

essential to his opposition to a motion for summary judgment. *Wright v. Blythe-Nelson,* 2001 WL 1012701, at *2 (N.D. Tex. Aug. 15, 2001) (Fitzwater, J.) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n.5 (1986)).  When a party has had an opportunity to conduct discovery but has not diligently pursued it, however, this lack of diligence cannot supply the basis for granting a continuance.  *See Krim,* 989 F.2d at 1442-43; *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1267 (5th Cir. 1991) (holding that if nonmoving party has not diligently pursued discovery of necessary evidence, court need not accommodate request for continuance).  Rule 56(f) offers relief where the nonmovant has not had a full opportunity to conduct—not to complete—discovery.  The two concepts are distinct.  *See McCarty v. United States,* 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam) (rejecting nonmovant's contention that district court abused its discretion by failing to permit him to complete discovery before granting summary judgment, and holding that "Rule 56 does not require that discovery take place before granting summary judgment.").

B

Cecil seeks additional time to find new counsel and to "reopen the discovery period for a short time to obtain the evidence needed to respond to [Time Warner's] summary judgment (phone records and one deposition)."  P. Mot. 1.  Cecil asserts that the failure to grant him a continuance "would severely burden [him]," *id.,* but he

does not explain why he cannot oppose the motion for summary judgment absent the phone records and deposition he seeks. He also does not identify specific facts that he believes the additional discovery will produce. Cecil has therefore failed to offer a sufficient basis for the court to conclude that postponing a decision on summary judgment will make any difference in the ultimate outcome of this case.

Moreover, the court is not persuaded that Cecil has diligently pursued discovery in this case. Before this case was removed to this court, it essentially languished in county court for almost 1½ years, and it was dismissed twice for want of prosecution. Not once did Cecil request—either during the discovery period in county court or during the discovery period in this court—any depositions. The fact that Cecil now desires to obtain new counsel provides no basis to reopen discovery.

> If that were not the case, every plaintiff . . . whose counsel failed to pursue appropriate discovery would simply switch counsel and seek to reopen discovery pursuant to Rule 56(f). In short, the position in which [Cecil] now find[s] [himself] is a product of [his] own choices and those of [his] counsel.

*Williams v. Vilsack*, ___ F.Supp. 2d ___, 2009 WL 1528846, at *9 (D.D.C. June 1, 2009); *see also Owens v. Estate of Erwin*, 968 F. Supp. 320, 323 (N.D. Tex. 1997) (Fitzwater, J.) (denying continuance where party alleged as sole ground for continuance that it was seeking legal representation). Cecil's total inaction in

pursuing any depositions for at least eight months therefore weighs heavily against granting a Rule 56(f) continuance.

Nor is it sufficient that Cecil's attorney, rather than Cecil himself, may be responsible for the errors made in this case. "[I]t has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client[.]" *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Unfortunately, the proper recourse is for the client to seek malpractice damages from the attorney. *Id.* at 289 ("While we are sympathetic to the plight of a client prejudiced by his attorney's inadvertence or negligence, the proper recourse for the aggrieved client, as the Supreme Court noted in *Link,* is to seek malpractice damages from the attorney.").

> Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear.

*Id.* at 288-89.

Accordingly, because Cecil has failed to demonstrate that he is entitled to a continuance under Rule 56(f), the court denies his motion to abate the case to obtain new counsel.

III

Having determined that Cecil is not entitled to a Rule 56(f) continuance, the court now turns to the merits of Time Warner's summary judgment motion.

A

Because Time Warner does not have the burden at trial on Cecil's causes of action, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support the claims. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). In its motion, Time Warner has pointed to the absence of evidence supporting each of Cecil's claims. Because Time Warner has done so, Cecil must go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson,* 477 U.S. at 248. The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *Trugreen Landcare, L.L.C. v. Scott,* 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmoving party fails to meet this burden. *Little,* 37 F.3d at 1076.

As noted, Cecil has not responded to Time Warner's motion. His failure to respond does not, of course, permit the court to

- 7 -

enter a "default" summary judgment. The court is permitted, however, to accept Time Warner's evidence as undisputed. *Tutton v. Garland Indep. Sch. Dist.,* 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, Cecil's failure to respond means that he has not designated specific facts showing that there is a genuine issue for trial on any of his claims. "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda,* 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.,* 929 F.2d 160, 165 (5th Cir. 1991)).

B

Because Time Warner has pointed to the absence of evidence to support essential elements of each of Cecil's claims, and Cecil has not adduced evidence that raises a genuine issue of material fact on any claim, Time Warner is entitled to summary judgment in its favor on all of Cecil's claims.

\*       \*       \*

Time Warner's May 1, 2009 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

July 7, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 9 -